No. 59,624

STATE OF KANSAS, *Appellant*, v. MICHAEL D. COSTNER, *Appellee*.

(734 P.2d 1144)

Opinion filed March 27, 1987.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellant.

*Garry L. Howard,* of Slape and Howard, Chartered, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: The State appeals upon questions reserved and from the dismissal of criminal charges against Michael D. Costner pursuant to K.S.A. 1986 Supp. 22-3602(b)(1) and (3).

On January 21, 1986, Costner was charged with three counts of the sale of marijuana, K.S.A. 1986 Supp. 65-4127b(b)(3), and one count of possession of marijuana with the intent to sell, K.S.A. 1986 Supp. 65-4127b(b)(3).

At Costner's February 13, 1986, preliminary hearing, the only witness to testify was Officer Stanley Cutliff, the undercover police detective who made the three purchases of marijuana and who was present at the time of Costner's arrest. Officer Cutliff testified he purchased marijuana from Costner on three occasions—December 20, 1985, January 6, 1986, and January 14, 1986. On this last date, the officer's purchases were part of a pre-planned "buy-bust" operation coordinated with other police officers. According to plan, when Officer Cutliff paid Costner $600 for a large baggie of marijuana, other officers entered the appellee's residence and the appellee was arrested.

During cross-examination of Officer Cutliff, Costner attempted

to inquire about a previous uncharged incident during which Officer Cutliff had been present at the appellee's home. The State objected on the grounds a response to the question might require the witness to divulge the identity of a confidential informant. This objection was overruled and the witness was permitted to state that he was previously present at the appellee's home on December 5, 1985. However, when appellee continued this line of questioning by asking who was present at appellee's home on December 5, 1985, the State again objected on the grounds the witness's response would reveal a confidential informant. The trial court responded to this objection by stating, "You can't have a confidential informant who is present at a transaction. That's not possible." However, the judge concluded that if the State could prove to him that "there is some law that clothes the identity of persons present at someone's house with another known person with a cloak of confidentiality" then the judge would not require that the identity of the informant be disclosed.

During continued cross-examination the following colloquy occurred between the appellee and Officer Cutliff:

"Q  (By Mr. Howard) Okay. Let's go then forward to December 20th. You stated that you pulled up to the—Mr. Costner's residence there at 953 Coolidge; is that correct—
"A  Yes.
"Q  —Officer?
"A  Yes.
"Q  And you then knocked on the door, and Mr. Costner opened up the door; and what did you say to him at that time?
"A  I told him, 'Hello,' asked how he was doing.
"Q  And what did Mr. Costner than say?
"A  He didn't quite remember me. I gave him my name. Then he asked me what I was interested in.
"Q  Well, did you—When you told him your name, did you tell him that you'd been over there at a previous occasion?
"A  Yes.
"Q  Did you name a person that you'd been over there with on a previous occasion?
"A  A first name.
"Q  What was that first name?
    "MR. SLOAN: Your Honor, I'll object as calling for confidential informant.
    "THE COURT: Oh, nonsense, Mr. Sloan. It's a part of the conversation in the transaction. Overruled.

"Q (By Mr. Howard) I ask you again: What was the name that you gave Mr. Costner?

"A I believe it was Rick.

"Q You believe, or are you sure?

"A I believe that's what the name was I gave him, yes.

"Q Are you sure, or do you believe that?

"A Yes.

"Q Are you sure?

"A I am sure."

No further information was elicited regarding the identity of the confidential informant or what the informant had said or done during the December 5, 1985, meeting. The witness did testify, however, that besides himself, the only parties present in the appellee's home on the dates the *charged* incidents occurred were the appellee, the appellee's wife, and an unknown female (who was present only on January 6, 1986).

At the end of the preliminary hearing, the judge ruled there was probable cause to believe the appellee committed the offenses with which he was charged. When the prosecutor requested the court to clarify its ruling regarding the confidential informant issue, the court stated:

"THE COURT: I've ruled that your characterization of the individual as a confidential informant is incorrect. He is not a confidential informant. He's just another person that was present at some transaction. And that the theory that I've heard before that you can somehow say somebody be present face-to-face with someone and have them then be considered to be a confidential informant is a contradiction in terms, and that they are not covered by any theory or rule which protects confidentiality of informants. I have not ordered you to do anything, if you choose to do what you're allowed to do under the law with this case, because that's solely your decision; but you'll have to make the choice."

The State then asked the court for additional time to produce a slip opinion in the case of *State v. Schilling*, 238 Kan. 593, 712 P.2d 1233 (1986). The court agreed to recess until later than afternoon. When the proceedings continued that afternoon, the court discussed its interpretation of the *Schilling* case:

"Now, all I've really said is the Supreme Court has said that what—in January 17th [in *State v. Schilling*], unbeknownst to me, that what I said and firmly believe to be the case is not a true definition of an informer. And they've clearly said that, and we're all bound by that. So, I've got to go on that; and I don't think it's necessary for me to make any further rulings. I've made my order. And I noticed in the *Schilling* case the Supreme Court never told Judge Deer that he

couldn't impose any sanction. They just said that he had to impose the least onerous sanction. And, as I recall, and if there's any question about it I'll reiterate it, I said you're under a duty to disclose the name of that individual to Mr. Howard. That's what I said. Is that correct or incorrect?"

The trial judge made no provision in his order for the imposition of sanctions if the State failed to obey the disclosure order, so appellee subsequently filed a motion requesting dismissal of the case. On May 9, 1986, the court granted appellee's motion to dismiss after giving the State additional time to comply with the order.

The State appealed the questions reserved and the dismissal pursuant to K.S.A. 1986 Supp. 22-3602(b)(1) and (3).

The sole issue on appeal is whether the district court abused its discretion in ordering the prosecution to disclose the identity of the confidential informant.

The issue of whether or not a witness must disclose the identity of an informer is governed by K.S.A. 60-436, which provides:

"A witness has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a provision of the laws of this state or of the United States to a representative of the State or the United States or a governmental division thereof, charged with the duty of enforcing that provision, and evidence thereof is inadmissible, unless the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed or (b) disclosure of his or her identity is essential to assure a fair determination of the issues."

In the instant case, the court made conflicting findings with respect to the disclosure of the informant. The trial court stated several times that a person whom the appellee has met "face to face" *cannot be* a confidential informant. However, if there were no confidential informant involved in the present case, the trial court would have no need to order the disclosure of an informant's identity pursuant to K.S.A. 60-436(a) or (b). Yet, that is what the trial court did when it stated that the informer's identity had been "otherwise disclosed" by the detective's reference to "Rick" at his second meeting with the appellee.

It should first be noted the trial court incorrectly determined a confidential informant cannot be someone who participates in criminal activity or has been "face to face" with the appellee. As the late Chief Judge Foth stated in *State v. Knox*, 4 Kan. App. 2d

87, 94, 603 P.2d 199 (1979): "[I]nformers come in two varieties: those who merely furnish information to the police, generally relied on to establish probable cause; and those who actually participate in or observe the criminal activity." (Citing *Roviaro v. United States,* 353 U.S. 53, 61, 1 L. Ed. 2d 639, 77 S. Ct. 623 [1957]). The simple fact that an individual participates in criminal activity which results in the defendant's conviction is insufficient to show that the defendant knows the individual's full identity or whereabouts.

Further, the trial court incorrectly determined that the identity of the State's confidential informant was "otherwise disclosed" by Officer Cutliff's reference to "Rick" in his December 20 meeting with the appellee. There is no evidence the appellee knew "Rick," Rick's full name, or his whereabouts. This situation is very similar to one before this court in *State v. Schilling,* 238 Kan. 593.

In *Schilling,* the confidential informant ("Susan") introduced a police officer to the defendant—Susan's boyfriend. Susan was present when the first sale of marijuana took place but the sale formed no part of the charges remaining against the defendant after the preliminary hearing. Susan had no part in the sales which were the basis of the remaining charges.

The defendant filed a motion seeking disclosure of Susan's full identity on the basis she was a potential witness in the several transactions between the defendant and the State. Further, defense counsel thought he might have represented Susan in another proceeding and he needed to know whether he had a conflict of interest. The trial court ordered disclosure of the informant's full name. At a later rehearing on the motion, the trial court ordered the prosecuting attorney to either release the name or dismiss the case with prejudice or show cause why she should not be found in contempt. Under these circumstances, the State dismissed.

On appeal, this court was asked to determine whether the trial court erred in ordering the State to disclose the informant's identity. We first set out the provisions of K.S.A. 60-436 and then stated: "Susan's full identity has not been previously disclosed and thus subsection (a) of the statute is inapplicable." 238 Kan. at 597.

This holding is controlling in our determination of the present case. In *Schilling,* the informant's full name and whereabouts were not known by the defendant. That is also the case here. If the defendant knew the informant's full name and how to locate him, he would not be seeking disclosure of the information. Also, in the present case, we do not even know if "Rick" truly was the informer's first name or if that was a pseudonym given by Officer Cutliff. Thus, the present case is a stronger case than *Schilling* for finding the identity of the informant had not been "otherwise disclosed." Subsection (a) of 60-436 is inapplicable.

Unlike the trial court in *Schilling,* the trial court here made no finding that disclosure of the informant's identity was essential to assure a fair determination of the issues. Nor did the appellee argue that disclosure was necessary for a fair trial. We have often held that before disclosure of the identity of an informant will be ordered, it is incumbent upon the defendant to show that the identity of the informer is material to his defense. *State v. Schilling,* 238 Kan. at 599; *State v. Pink,* 236 Kan. 715, 722, 696 P.2d 358 (1985). The appellee failed to sustain that burden in the present case and the court made no such finding. Thus subsection (b) of 60-436 is also inapplicable.

We hold the trial court erred in finding that a person who is involved in a transaction with a defendant cannot be a confidential informant. Further, the trial court erred in determining that the informant had been "otherwise disclosed" under K.S.A. 60-436(a).

The judgment of the trial court is reversed and this case is remanded for further proceedings.

LOCKETT, J., concurring.

PRAGER, C. J., dissenting.